UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

DIANA L.,

Plaintiff,

v.

COMMISSIONER OF SOCIAL SECURITY,

Defendant.

Case No. C23-5019-SKV

ORDER REVERSING THE COMMISSIONER'S DECISION

Plaintiff seeks review of the denial of her application for Disability Insurance Benefits. Having considered the ALJ's decision, the administrative record (AR), and all memoranda of record, the Court **REVERSES** the Commissioner's final decision and **REMANDS** the matter for further administrative proceedings under sentence four of 42 U.S.C. § 405(g).

**BACKGROUND**

Plaintiff was born in 1969, has a high school diploma and two years of community college education, and has worked as a graphic designer. AR 137, 288. Plaintiff was last gainfully employed in November 2016. AR 287.

In March 2020, Plaintiff applied for benefits, alleging disability as of November 25, 2016. AR 276-77. Plaintiff's application was denied initially and on reconsideration, and

Plaintiff requested a hearing. AR 194-97, 199-201, 208-09. After the ALJ conducted a hearing in July 2021 (AR 131-61), the ALJ issued a decision finding Plaintiff not disabled. AR 16-36.

## THE ALJ'S DECISION

Utilizing the five-step disability evaluation process,[1] the ALJ found:

> **Step one**: Plaintiff has not engaged in substantial gainful activity since the alleged onset date.
>
> **Step two**: Plaintiff has the following severe impairments: congestive heart failure, cardiomyopathy, fibromyalgia, chronic fatigue syndrome, chronic headache, moderate tricuspid regurgitation/severe mitral regurgitation, and anxiety.
>
> **Step three**: These impairments do not meet or equal the requirements of a listed impairment.[2]
>
> **Residual Functional Capacity (RFC)**: Plaintiff can perform light work with additional limitations: she must avoid unprotected heights and industrial machinery. She must avoid climbing ladders and scaffolds, but can frequently climb ramps and stairs. She can tolerate occasional exposure to temperature extremes, humidity, and environmental irritants, such as dust, fumes, odors, and gases. She should avoid work environments with a noise level above 3 (as defined in the Dictionary of Occupational Titles). She can have only incidental public contact. She can occasionally reach, and frequently push and pull, with her right arm.
>
> **Step four**: Plaintiff cannot perform past relevant work.
>
> **Step five**: As there are jobs that exist in significant numbers in the national economy that Plaintiff can perform, Plaintiff is not disabled.

AR 16-36.

The Appeals Council denied Plaintiff's request for review, making the ALJ's decision the Commissioner's final decision. AR 1-7. Plaintiff appealed the final decision of the Commissioner to this Court. Dkt. 1.

//

//

---

[1] 20 C.F.R. §§ 404.1520, 416.920.
[2] 20 C.F.R. Part 404, Subpart P, App. 1.

## LEGAL STANDARDS

Under 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of social security benefits when the ALJ's findings are based on harmful legal error or not supported by substantial evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 (9th Cir. 2005). As a general principle, an ALJ's error may be deemed harmless where it is "inconsequential to the ultimate nondisability determination." *Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012) (cited sources omitted). The Court looks to "the record as a whole to determine whether the error alters the outcome of the case." *Id*.

Substantial evidence is "more than a mere scintilla. It means - and means only - such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019) (cleaned up); *Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989). The ALJ is responsible for evaluating symptom testimony, resolving conflicts in medical testimony, and resolving any other ambiguities that might exist. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). While the Court is required to examine the record as a whole, it may neither reweigh the evidence nor substitute its judgment for that of the Commissioner. *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002). When the evidence is susceptible to more than one rational interpretation, it is the Commissioner's conclusion that must be upheld. *Id.*

## DISCUSSION

Plaintiff argues the ALJ erred in: (1) finding at step three that she does meet or equal Listing 4.02,[3] (2) discounting her subjective testimony, (3) assessing certain medical opinions,

[3] Although the assignment of error listed on the first page of Plaintiff's opening brief references Listing 1.04, this appears to be an oversight because the section of the brief addressing this issue discusses only Listing 4.02. *Compare* Dkt. 7 at 1 *with* Dkt. 7 at 9.

(4) assessing her RFC, and (5) failing to address Plaintiff's request to cross-examine the State agency medical consultants. The Commissioner argues the ALJ's decision is free of harmful legal error, supported by substantial evidence, and should be affirmed.

**A. The ALJ Did Not Err at Step Three**

At step three, the ALJ considers whether one or more of a claimant's impairments meet or medically equal an impairment listed in Appendix 1 to Subpart P of the regulations. "The listings define impairments that would prevent an adult, regardless of his age, education, or work experience, from performing *any* gainful activity, not just 'substantial gainful activity.'" *Sullivan v. Zebley*, 493 U.S. 521, 532 (1990) (citations omitted).

Plaintiff bears the burden of proof at step three. *Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987). A mere diagnosis does not suffice to establish disability. *Key v. Heckler*, 754 F.2d 1545, 1549-50 (9th Cir. 1985). "'[An impairment] must also have the *findings* shown in the Listing of that impairment.'" *Id.* at 1549-50 (quoting § 404.1525(d); emphasis added in *Key*). To meet a listing, an impairment "must meet *all* of the specified medical criteria." *Sullivan*, 493 U.S. at 530. "To equal a listed impairment, a claimant must establish symptoms, signs and laboratory findings 'at least equal in severity and duration' to the characteristics of a relevant listed impairment[.]" *Tackett v. Apfel,* 180 F.3d 1094, 1099 (9th Cir. 1999); § 416.926 (a).

In this case, the ALJ found that Plaintiff's heart failure did not meet or equal the requirements of Listing 4.02 (chronic heart failure) because the record does not contain "the requisite documentary objective medical evidence of coronary deterioration" as required by that Listing. AR 20. Listing 4.02 has two sections (A and B), and in order to satisfy this Listing the claimant must satisfy both sections. *See* 20 C.F.R. Pt. 404, Subpt. P, App. 1, § 4.02.

The parties do not appear to dispute that Plaintiff satisfies the A criteria (Dkt. 12 at 7-8, Dkt. 13 at 6), but they disagree as to the B criteria, which require that a claimant has: (1) persistent symptoms of heart failure which very seriously limit the ability to independently initiate, sustain, or complete activities of daily living in an individual for whom a medical consultant has concluded that the performance of an exercise test would present a significant risk; (2) three or more episodes of acute congestive heart failure; or (3) inability to perform an exercise tolerance test at a workload equivalent to 5 METs or less due to one of four circumstances not at issue in this case. *See* 20 C.F.R. Pt. 404, Subpt. P, App. 1, § 4.02(B).

In her opening brief, Plaintiff contends that a physician's opinion that Plaintiff is "in a severe heart failure state and I do not expect improvement" satisfies Listing 4.02(B). Dkt. 7 at 9 (citing AR 927). The Court agrees with the Commissioner (Dkt. 12 at 7-8) that this statement does not satisfy Listing 4.02(B) because it does not address any of the specific findings required in that section. *See* AR 927.

In her reply brief (Dkt. 13 at 6-7), Plaintiff cites different evidence to support her argument that the record satisfies Listing 4.02(B), but the evidence cited there is also deficient because although it references some of the parts of Listing 4.02(B)(1), it does not indicate that an exercise test would pose a significant risk to Plaintiff. *See* AR 814.

Because Plaintiff has not identified evidence that meets or equals *all* of the requisite parts of Listing 4.02(B), she has failed to establish that the ALJ harmfully erred in finding that she does not meet or equal Listing 4.02.

**B. The ALJ Erred in Discounting Plaintiff's Physical Allegations**

The ALJ summarized Plaintiff's allegations and the medical record and found that the clinical findings "are equivocal at best and do not support the claimant's alleged loss of

functioning and symptom severity." AR 30. The ALJ noted that Plaintiff's headaches, chronic pain, and fibromyalgia were treated conservatively, and that she did not treat her alleged mental symptoms and reported that her symptoms were alleviated with medication. *Id*. The ALJ acknowledged Plaintiff's "fatigue and cardiac issues and complications" and related treatment, but stated that "improvement is noted." *Id*. The ALJ also noted that despite Plaintiff's conditions, she was nonetheless able to complete a range of daily activities. AR 34.

Absent evidence of malingering, an ALJ must provide clear and convincing reasons to discount a claimant's subjective allegations. *See Burrell v. Colvin*, 775 F.3d 1133, 1136-37 (9th Cir. 2014). "General findings are insufficient; rather, the ALJ must identify what testimony is not credible and what evidence undermines the claimant's complaints." *Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1996).

Plaintiff contends that the ALJ failed to provide clear and convincing reasons to discount her allegations. The Court disagrees as to Plaintiff's mental allegations. The ALJ did not err in discounting Plaintiff's mental allegations due to lack of treatment and reported alleviation of symptoms with medication. Although Plaintiff argues that she should not be penalized for exercising poor judgment in failing to treat her mental conditions (Dkt. 7 at 13), the record indicates that Plaintiff reported improvement with medication to the point that Plaintiff denied experiencing anxiety altogether. *See* AR 537. The ALJ did not err in considering Plaintiff's course of treatment when assessing her mental allegations, and her improvement with minimal treatment is a clear and convincing reason to discount those allegations. *See* 20 C.F.R. § 404.1529(c)(3)(iv)-(v).

But the ALJ's reasons for discounting Plaintiff's physical allegations do not pass muster. The ALJ erred in suggesting that Plaintiff's conservative course of treatment for headaches,

chronic pain, and fibromyalgia undermined her testimony about the severity of her symptoms related to those conditions, given that there is no indication in the record or in the ALJ's decision that more aggressive treatment exists for these conditions. *See, e.g.*, *Lapierre-Gutt v. Astrue*, 382 F. App'x 662, 664 (9th Cir. Jun. 9, 2010) ("A claimant cannot be discredited for failing to pursue non-conservative treatment options where none exist.").

The ALJ also discounted Plaintiff's cardiac-related allegations because her condition improved after surgery, but there is no evidence in the record suggests that her condition improved to a degree that undermined her allegations. The ALJ cited evidence that Plaintiff's condition improved after surgery to the point that she could walk to the end of her driveway without shortness of breath, but also noted that she could not push a cart without experiencing that symptom. AR 30 (citing AR 1020-30). That treatment note described Plaintiff's condition as improved, but not yet normalized, even with "excellent" treatments for her cardiac conditions. *See* AR 1030. This treatment note does not contradict Plaintiff's allegations, and the ALJ did not cite any other objective evidence that Plaintiff improved to a degree that is inconsistent with her hearing testimony that she can only sit, stand, or walk for about 20 or 30 minutes before needing to stop and change positions. *See* AR 143-44. None of the activities cited by the ALJ contradict that testimony, either. *See* AR 34. Although the ALJ states (AR 30) that the RFC assessment "accounts for [Plaintiff's] alleged chronic pain, cardiac, and fatigue issues," the ALJ in fact discounted Plaintiff's allegations as to the limiting effects of those issues without providing legally sufficient reasons and thereby erred.

The ALJ also erred in failing to address Plaintiff's testimony regarding her need to use the bathroom on an urgent basis multiple times per day, due to her irritable bowel syndrome (IBS). AR 147. Despite the ALJ's finding at step two that Plaintiff's IBS is not severe (AR 18-

19), the ALJ was nonetheless required to consider all of Plaintiff's alleged limitations, even those pertaining to conditions that are not severe, when assessing her RFC. *See* 20 C.F.R. § 404.1545(e).

On remand, the ALJ shall reconsider Plaintiff's physical allegations and either credit them or provide legally sufficient reasons to discount them.

**C. The ALJ Did Not Err in Assessing the Medical Opinion Evidence**

Plaintiff challenges the ALJ's assessment of opinions written by consultative examiner Lora Van Arsdell, Psy.D., and treating physician Brandy Thomas, M.D. The Court will address each disputed opinion in turn.

*1. Legal Standards*

Under regulations applicable to this case, the ALJ is required to articulate the persuasiveness of each medical opinion, specifically with respect to whether the opinions are supported and consistent with the record. 20 C.F.R. § 404.1520c(a)-(c). An ALJ's consistency and supportability findings must be supported by substantial evidence. *See Woods v. Kijakazi*, 32 F.4th 785, 792 (9th Cir. 2022).

*2. Dr. Van Arsdell*

Dr. Van Arsdell examined Plaintiff via videoconference in June 2020 and wrote a narrative report describing disabling memory, social, and adaptation limitations. AR 808-12. The ALJ found this opinion unpersuasive because it was inconsistent with Dr. Van Arsdell's largely normal mental status examination findings and appeared to be "based heavily" on Plaintiff's subjective reporting. AR 31. The ALJ also found Dr. Van Arsdell's opinion to be inconsistent with Plaintiff's lack of mental health treatment and denial of symptoms on other occasions. *Id.*

The ALJ's supportability finding is reasonable and supported by substantial evidence. Dr. Van Arsdell's mental status examination findings were largely normal and thus fail to support the disabling memory and adaptation deficits that she described. *See* AR 810-11. Dr. Van Arsdell's report documents Plaintiff's self-reported mental limitations at length (AR 811-12), which undermines the objective supportability of the opinion. *See* 20 C.F.R. § 404.1520c(c)(1) (explaining that the "supportability" factor addresses the relevance of the objective evidence presented in support of an opinion).

Because the ALJ did not err in finding Dr. Van Arsdell's opinion unsupported, he did not err in finding it less persuasive on that basis. Any error in the ALJ's other lines of reasoning is therefore harmless. *See Woods*, 32 F.4th 785, 793 n.4 (9th Cir. 2022).

*3. Dr. Thomas*

The record contains two exhibits written by Dr. Thomas, Plaintiff's primary care physician, in August 2020. In the first document, Dr. Thomas indicated that Plaintiff's cardiac condition causes symptoms that "seriously limit her ability to independently initiate, sustain or complete activities of daily living due to significant dyspnea." AR 813-14. In a form opinion completed a week later, Dr. Thomas listed a variety of specific, disabling physical limitations. AR 926-30.

The ALJ found the first letter unpersuasive because it does not describe any specific functional limitations and is inconsistent with the improvement that Plaintiff experienced after her surgery, which occurred on the same day that Dr. Thomas wrote the first opinion. AR 32. The ALJ found the second opinion unpersuasive because it was written without the benefit of a physical examination and therefore relied on Plaintiff's subjective self-reporting. *Id.* The ALJ

noted that at the time that Dr. Thomas wrote the August 2020 statements, she had not seen Plaintiff since February 2019[4] and had not examined her since May 2018. *Id*.

The ALJ reasonably found that Dr. Thomas's opinions were unpersuasive. The first letter does not identify specific functional limitations, which distinguishes it from the regulatory definition of a medical opinion. *See* 20 C.F.R. § 404.1513(a)(2)-(3). The second opinion is more specific, and yet suffers from a lack of objective support, given that Dr. Thomas had not examined Plaintiff for years when she detailed Plaintiff's limitations. Dr. Thomas's contemporaneous treatment note indicates that she completed the form opinion during a conversation with Plaintiff (AR 842-43), and Dr. Thomas referred to Plaintiff's reports in the form (AR 929), which supports the ALJ's finding that the opinion "relies heavily upon the claimant's subjective complaints." AR 32. The ALJ did not err in finding that the lack of objective support for the limitations identified in Dr. Thomas's form opinion undermined its persuasiveness.

Because the ALJ did not harmfully err in assessing the challenged medical opinions, the Court affirms this part of the ALJ's decision.

**D. The Appropriate Remedy is a Remand for Further Proceedings**

Although Plaintiff requests, in the alternative, a remand for a finding of disability (Dkt. 7 at 18), she has not shown that this extraordinary remedy would be appropriate here. *See Leon v. Berryhill*, 880 F.3d 1044, 1045 (9th Cir. 2017) ("An automatic award of benefits in a disability benefits case is a rare and prophylactic exception to the well-established ordinary remand rule."). As explained *supra*, although the ALJ's decision does contain reversible error as to the

[4] Although Plaintiff contends that, contrary to the ALJ's finding, Dr. Thomas "had treatment visits" with Plaintiff a number of times between February 2019 and August 2020, the treatment visits cited by Plaintiff were telephone calls rather than in-person physical examinations performed by Dr. Thomas. *See* Dkt. 13 at 3 (citing AR 460, 477, 492, 842).

assessment of Plaintiff's testimony, there are nonetheless conflicts in the opinion evidence as to the extent of Plaintiff's limitations that would preclude a finding of disability at this time. *See Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1105 (9th Cir. 2014).

Because this case is remanded for further proceedings, Plaintiff will have an opportunity to renew her objection to the ALJ's reliance on State agency medical consultants' opinions, and/or request cross-examination of the consultants under 20 C.F.R. § 404.950(d). The Court need not address Plaintiff's assignment of error pertaining to that issue (Dkt. 7 at 16-17) at this time.

**CONCLUSION**

For the reasons set forth above, the Commissioner's final decision is **REVERSED** and this case is **REMANDED** for further administrative proceedings under sentence four of 42 U.S.C. § 405(g). On remand, the ALJ should reconsider Plaintiff's physical allegations and any other parts of the decision as necessary.

Dated this 28th day of July, 2023.

S. KATE VAUGHAN
United States Magistrate Judge